AUSA: Bridget G. Johnston

| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | **26 MAG 1930** |

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CARLOS GUZMAN,<br><br>                    Defendant. | **SEALED COMPLAINT**<br><br>Violation of 18 U.S.C. § 922(g)(1)<br><br>COUNTY OF OFFENSE:<br>BRONX |

SOUTHERN DISTRICT OF NEW YORK, ss.:

Jason Landusky, being duly sworn, deposes and says that he is a Detective with the New York City Police Department ("NYPD"), and charges as follows:

## COUNT ONE
### (Possession of a Firearm After a Felony Conviction)

1. On or about February 25, 2026, in the Southern District of New York and elsewhere, CARLOS GUZMAN, the defendant, knowing he had previously been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm, to wit, a loaded .22 caliber Ruger revolver bearing serial number 1540-45467, and the firearm was in and affecting commerce.

(Title 18, United States Code, Section 922(g)(1).)

The bases for my knowledge and for the foregoing charge are, in part, as follows:

2. I am a Detective with the NYPD and have been personally involved in the investigation of this matter. I base this affidavit on that experience as well as my experience investigating crimes involving firearms and related offenses; my conversations with other law enforcement agents; and my examination of various reports, photographs, records, and videos. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

### CARLOS GUZMAN Threatens Another Individual with a Firearm

3. Based on my participation in this investigation, conversations with other law enforcement officers, my review of surveillance footage, photographs, officer body-worn camera video, reports and other records, as well as my training and experience, I have learned, among other things, the following:

a. On or about February 22, 2026, at approximately 5:04 a.m., an employee ("Witness-1") of a convenience store located at 224 Willis Avenue in the Bronx, New York (the "Store"), called 911 to report that an individual had entered the Store and threatened Witness-1 with a firearm, which the individual had displayed to Witness-1. Witness-1 later identified a photo

of that individual, whom an NYPD officer ("Officer-1") recognized as CARLOS GUZMAN, the defendant, from prior law enforcement interactions.

b.　　On or about February 23, 2026, the NYPD opened a probable cause "I-Card" for GUZMAN for the crime of menacing with a firearm in connection with threatening Witness-1 in the Store. Based on my training and experience, I know that an "I-Card" or "Active Identification Card" is an internal, electronic alert issued by NYPD officers when there is a suspect, witness or perpetrator to be investigated. Probable cause I-Cards indicate to officers that there is probable cause for a person's arrest.

<u>CARLOS GUZMAN's Arrest and Recovery of a Firearm</u>

c.　　Approximately two days later, on or about February 25, 2026, at approximately 8:00 p.m., NYPD officers ("Officer-2" and "Officer-3") were patrolling an area within the NYPD 40th Precinct in an unmarked patrol car. Around that time, Officer-2 and Officer-3, who were familiar with the threat previously reported by Witness-1, visited the Store and told Witness-1 to call Officer-2's department cell phone if GUZMAN returned to the Store.

d.　　Approximately three hours later, at or around 11:20 p.m., Witness-1 called Officer-2 and informed Officer-2 that GUZMAN was in the Store. Based on the report from Witness-1, and knowing that GUZMAN had an active I-Card, the Officers drove to the Store, where Witness-1 informed Officer-3 that GUZMAN had recently left the Store.

e.　　The Officers then began patrolling the surrounding area in their patrol car. At approximately 11:21 p.m., the Officers identified GUZMAN walking south on Willis Avenue between East 138th Street and East 137th Street (on the same block as the Store). Officer-3 recognized GUZMAN from prior law enforcement encounters, and both Officers knew that GUZMAN had an active probable cause I-Card. As the Officers neared GUZMAN in their patrol car, GUZMAN saw the Officers and immediately turned and started running north on Willis Avenue before turning right and running east on East 138th Street.

f.　　Surveillance footage from a business located at 426 East 138th Street ("Business-1") shows an individual, later identified as GUZMAN, running east on East 138th Street at approximately 11:21 p.m. on or about February 25, 2026, as GUZMAN was fleeing from the Officers. The surveillance footage shows GUZMAN tossing a small dark object in the direction of a black van parked on East 138th Street (the "Van"). Image-1 through Image-5 below are taken from that surveillance footage:

g.    Image-1 below shows GUZMAN (circled in red), wearing a green jacket and yellow hooded sweatshirt running east on East 138th Street.



**Image-1**

h.    Image-2 below shows GUZMAN (circled in red), moments after the footage shown in Image-1, drawing back his right arm before tossing an object in the direction of the Van.



**Image-2**

        i.      Image-3 below, taken less than a second after the footage shown in Image-2, shows a small dark object, circled in red, in the air near the front right wheel of the Van after GUZMAN made the tossing motion with his right arm.



**Image-3**

        j.      Image-4 below, taken less than a second after the footage shown in Image-3, shows the small dark object, circled in red, just above the snow near the front right wheel of the Van.



**Image-4**

k.    In Image-5 below, taken less than a second after the footage shown in Image-4, the small dark object is no longer visible, having landed in the snow.



**Image-5**

l.    At approximately 11:22 p.m., Officer-2 exited his patrol car and briefly pursued GUZMAN on foot before apprehending him in the vicinity of 440 East 138th Street and placing him under arrest.

m.    Officer-2, together with backup NYPD officers that arrived on the scene, canvassed along GUZMAN's path from the Store (located at 224 Willis Avenue) to the place of GUZMAN's arrest (440 East 138th Street) and located a firearm (the "Firearm") in the vicinity of 430 East 138th Street by the front right wheel of the Van, in the same approximate area in which GUZMAN could be seen throwing the small dark object in the Business-1 surveillance footage. Image-6 and Image-7 below show the area near the front right wheel of the Van where the Officers found the Firearm, as marked with an orange cone and circled in red:



**Image-6**



**Image-7**

n.      After recovering the Firearm, NYPD officials examined it and identified the Firearm as a .22 caliber Ruger revolver bearing serial number 1540-45467. The Firearm was loaded with five .22 cartridges in the cylinder. Image-8 shows the recovered Firearm and the cartridges, which were removed from the cylinder:



**Image-8**

o.      Following GUZMAN's arrest, NYPD officers transported GUZMAN in a transport van to the 40th Precinct. One officer ("Officer-4") was seated in the second row of the van, in front of GUZMAN, who was seated in the back row. Body-worn camera footage of Officer-4 shows that, during the ride to the precinct, a transmission came over the radio in the vehicle stating that a firearm had been "recovered." Following this transmission, GUZMAN can be heard to spontaneously state, "It's over. They recovered it. It's over."

## Interstate Nexus

2.      As part of my investigation of this matter, I have received information from a Special Agent of the Bureau of Alcohol, Tobacco, Firearms and Explosives, who, based on the agent's expertise in the manufacturing of firearms and analysis of documents related to the Firearm, concluded that the Firearm was not manufactured in the state of New York.

## CARLOS GUZMAN's Prior Felony Conviction

3.      Based on my training and experience, as well as my review of law enforcement reports and records, including criminal history records for CARLOS GUZMAN, the defendant, I have learned, among other things, that GUZMAN has previously been convicted of a felony offense, specifically:

a.      On or about June 16, 2021, GUZMAN was sentenced to three years' imprisonment following his conviction in the Supreme Court of New York, Bronx County, of Attempted Robbery in the Second Degree, in violation of New York Penal Law § 160.10, a felony which is punishable by imprisonment for a term exceeding one year.

WHEREFORE, I respectfully request that a warrant be issued for the arrest of CARLOS GUZMAN, the defendant, and that he be arrested, and imprisoned or bailed, as the case may be.

_S/ by the Court with permission_

Jason Landusky
Detective
New York City Police Department

Sworn to me through the transmission of
this Complaint by reliable electronic
means (telephone), this 19th day of May, 2026.

_____
THE HONORABLE ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK

8